BARNET L. SOLOMON *et al. v.* THE PHILADELPHIA AND NEW YORK EXPRESS STEAMBOAT COMPANY.

The responsibility of a common carrier continues in full force until notice of the arrival of the goods is given to the consignee, and a reasonable opportunity is afforded to remove them.

What is a reasonable time for a consignee to send for goods after notice of their arrival, is a question of fact. And the court having found, as a matter of fact, that notice was received Saturday morning, and that the next Monday morning was a reasonable time for the consignee to send for the goods—*Held,* that such finding will not be disturbed on appeal.

One who sends a notice through the mail, instead of by a messenger, must bear the consequences of any delay in the receipt of the notice by the party to whom it is directed, not occasioned by such party himself. Any inference as to the day when a notice sent by mail was delivered, which may be drawn from the fact that it was mailed on a particular day, is overborne by evidence of its receipt upon a different day.

APPEAL by defendants from a judgment of the Marine Court at general term.

The action was brought to recover damages which eight boxes of paper hangings had sustained while in the possession of the defendants as common carriers. The defendants' steamer reached New York Thursday evening, and the goods were discharged on Friday. The defendants mailed a notice to the plaintiffs (the consignees) on Thursday night, notifying them of the arrival of the goods, and requesting them to call and receive them. This notice was not received by the plaintiffs until Saturday, which was a wet, stormy day, and the goods were not called for until Monday, and then found to be greatly injured by water.

*Beebe, Dean & Donohue*, for appellants.

*Henry Morrison*, for respondents.

BY THE COURT.—CARDOZO, J.—I do not understand how the justice arrived at the sum for which he rendered judgment. On the testimony returned, the verdict ought not, in any way that I can see, to have exceeded about $145; but as no point to that effect is taken in the notice of appeal, it may be that there was some other evidence which justified the finding; and as the defendants seem to acquiesce in the amount, if the verdict be right at all, I think we are not called upon to reduce the judgment. In other respects, this strikes me as a very plain case. The defendants were held liable below for damages which paper hangings belonging to the plaintiffs sustained while in the defendants' possession, they having, as common carriers, undertaken to transport the goods from Philadelphia to New York. The property, which was in good condition when it was delivered to the defendants, was addressed to "B. L. Solomon & Sons, New York." The steamer "Bristol," which carried this property, reached this city on Thursday, the 24th of March, 1866. The goods in question were discharged from the boat on Friday, the 25th. There was a conflict of evidence as to whether it rained on Friday night, but it was

undisputed that on Saturday there was a severe rain storm. When the vessel was unladen on Friday, these goods were placed upon the dock, and there they remained during the storm, and up to Monday morning, when the plaintiffs' cartman took them away. It was asserted that they were covered with tarpaulin, but at all events they were wet and damaged. Perhaps the testimony to prove the amount of damage was not strictly of the right character, but it was given in the form it was without objection, and no point upon it is noted as having been made on the motion for nonsuit; therefore it must on appeal be considered sufficient.

Until notice of the arrival of the goods, and a reasonable opportunity to the plaintiff to remove them, the responsibility of the defendants as common carriers continued in full force. When notice was given was a question as to which there was conflict in the testimony, and of course the justice found in accordance with the plaintiffs' theory, that they received it on Saturday, between ten and eleven o'clock, A. M., no matter when it might have been mailed to them. I am of opinion that the justice was right in this conclusion, because Mr. O'Grady swore positively that the notice was left at the plaintiffs' store on Saturday morning, between ten and eleven o'clock. This positive testimony of the time when the notice was received at the plaintiffs' store should outweigh the inference sought to be drawn from proof that the notice was mailed on Thursday, because, even if that were so, it might very well happen that through accident at the post-office or neglect of the carrier, it might not reach its destination until Saturday; and as the defendants saw fit to take the chance of the mail, instead of sending a messenger to the plaintiffs' store, they must bear the consequences of any delay not occasioned by the plaintiffs themselves in the receipt of the notice. But it is enough that, upon conflicting evidence, the justice has found in favor of the plaintiffs upon this point, or at least that in support of the judgment we must presume that he did so. Was Monday then a reasonable time for the plaintiffs to send for the goods after they had received the notice? That was a question of fact (*Cary* v. *The Cleveland & Toledo R. R. Co.*, 29

Barb. 49), and I think it clear that the justice must have found as a fact, that notice of the arrival of the goods reached these plaintiffs on Saturday, between ten and eleven, A. M., which was a very stormy day, and the next Monday morning was a reasonable time for the plaintiffs to send for their property. Indeed, it would have been most unreasonable and reckless to have attempted to remove that class of goods during a stormy day like that Saturday is shown to have been.

The judgment should be affirmed.

Mary M. Berwick *and others v.* Charles Dusenbury *and wife.*

There is nothing growing out of the relation of husband and wife which prohibits the latter acting as the agent of her husband.

Where a married woman, in the absence of her husband and without any express authority, had hired apartments for a year from, and taken possession on, the 1st of May, and her husband, returning on the 6th, occupied the apartments with her up to the 23d or 24th day of that month, when they left,—*Held,* that the husband was liable for the rent, as having, by his delay in not repudiating the contract made by his wife, adopted and ratified it.

Appeal by the defendants from a judgment of the Seventh District Court. The action was brought for rent for the month of June, 1866, of certain premises, which had been hired by Mrs. Dusenbury, in the absence of her husband and without his authority, from the plaintiffs, for one year from May 1, 1866, on which day she went into possession. Her husband returned on the 6th day of the same month, and, without notifying the plaintiffs that he repudiated the contract of his wife, occupied the premises with her till May 23 or 24, when they vacated the premises. The justice rendered judgment for the plaintiffs for the full amount claimed, from which judgment the defendants appealed.

*Ira D. Warren,* for the appellants.

*A. H. Reavey,* for the respondents.