ABRAM WITBECK, Respondent, *v.* ALEXANDER HOLLAND, Treasurer of the American Express Company, Appellant.

Common carriers by land are ordinarily bound to deliver or tender the goods to the consignee at his residence or place of business; but when the consignee cannot be found with reasonable diligence, the common carrier may relieve himself from liability by depositing the property in a suitable place for the owner.

Carriers by vessels and railways, having transported the goods to their dock or station nearest to the residence of the consignee, and notified him of their readiness to deliver, are not bound to make personal delivery, but this exemption does not extend to express companies.

When there is a conflict of evidence, reasonable diligence is a mixed question of fact and of law.

On the question of diligence in finding the consignee, evidence as to his being well known in the community is competent. GROVER, J.

(Argued February 9, and decided February 21, 1871.)

APPEAL from the judgment of the General Term of the Supreme Court in the fourth judicial district, affirming the judgment for the plaintiff, entered upon the report of the referee.

This action was tried before a referee, who found that the American Express Company was a joint stock association engaged in the general express business. That the plaintiff

was a soldier on Hart's Island, N. Y., who, having received his bounty money on the 3d December, 1864, took $320 of it to the office of Adams Express Company, on that island, where it was counted, put in an envelope, sealed and addressed to " Martin Witbeck, Schenectady, N. Y., delivered to the agent of the company, who gave the plaintiff a receipt acknowledging the receipt of the package, " upon the special acceptance and agreement, that this company is to forward the same to its agent, nearest or most convenient to destination only, and there to deliver the same to other parties to complete the transportation, such delivery to terminate all liability of this company for such package," etc.

The package was delivered by the Adams Express Company on the 5th December, 1864, to the American Express Company at its office in New York, and a receipt was given to the Adams Express Company as follows :

Received, New York, December 5, 1864, of Adams Express Company (per bills), in good order, the following articles set opposite our respective names.

| ARTICLES. | Dollars. | Cents. | Consignee. | Where from. | Destination. | Amount charged. | By whom received. |
|---|---|---|---|---|---|---|---|
| Pck. | $320 | | Martin Witbeck. | H. I. | Schenectady, N. Y. | $1 75 | Myers. |

Myers was the agent of the American Express Company at New York. The plaintiff, December 8, 1864, enclosed the receipt in a letter to his brother Daniel Witbeck, who resided at Schenectady, which letter and receipt were received by Daniel Witbeck as an advertised letter about the middle of February, 1865.

There was at the time no contract or business connection between Adams Express Company and the American Express Company, except that they took parcels, goods, etc., for each other for transportation and delivery along their respective routes of business. The American Express Company delivered the package to its local agent at Schenectady, December 6, 1864. Martin Witbeck, the consignee of said package, resided with his wife at Schenectady, at the time of

the arrival of the package at Schenectady, and until after January 14, following.

The agent of the American Exprèss Company did not know Martin Witbeck, and, when the package arrived, looked at the directory and did not find his name in it. The next day the agent filled up a notice and addressed it to Martin Whitbeck, Schenectady, and deposited it in the post-office. Between one and three days thereafter, the agent inquired of two men, conductors upon the N. Y. Central Railroad, running from Schenectady to Troy, and also inquired of John Bradt, the city treasurer of Schenectady, whether they knew Martin Whitbeck, and they replied they did not.

The agent made no further effort to find the consignee, and the package was deposited in the company's iron safe in its office till January 17, 1865, when the office was burglariously opened in the night, the safe blown open, the package abstracted and stolen and has never been recovered.

The notice put in the post-office, was not received by Martin Witbeck, though inquiries were made several times at the post-office while it was there, by his wife and father, for letters for themselves and for him.

The referee decided, among other things, that the American Express Company was bound to deliver the package to Martin Witbeck, personally, or at his residence or place of business; that the American Express Company did not make due effort to find Martin Witbeck, or his residence or place of business; that the plaintiff was entitled to judgment for $320, with interest from December 7, 1864.

From the judgment entered upon the report the defendant appealed to the General Term, where it was affirmed, and from such judgment of affirmance this appeal was taken.

*Hooper C. Van Vorst*, for the defendant and appellant, cited, to show that the delivery of the package by Adams Express Company to the American Express Company was as forwarders only, *Lamb* v. *Camden and Amboy R. R. Co.* (2 Daly, 455); *Manhattan Oil Co.* v. *Same* (52 Barb., 72).

That personal delivery need not be made, when consignee cannot be found on due inquiry, *Fisk* v. *Newton* (1 Denio, 45); Angell on Carriers, § 295, and cases cited; *Ostrander* v. *Brown* (15 Johns., 39); *Rowland* v. *Miln* (2 Hill, 150); Redfield on Railways, vol. 2, p. 76, § 175, par. 18–20; *Hamilton* v. *Nickerson* (11 Allen, 303). That the American Express Company held the package as a warehouseman, Angell on Carriers, §§ 79, 302; Story on Bail, §§ 446, 449; Parsons on Contracts, 617; *Platt* v. *Hibbard* (7 Cow., 497); *Knapp* v. *Curtis* (9 Wend., 60).

*John L. Hill,* for the plaintiff and respondent, cited, to show that persons receiving packages for transportation were common carriers, *Sherman* v. *Wells* (28 Barb., 403–409); *Russell* v. *Livingston* (19 id., 346, 355); *Hooper* v. *Wells* (5 Am. Law Reg., N. S., p. 2); *Sweet* v. *Barney* (23 N. Y., 337); Article by Mr. Redfield, 5 Am. Law Reg., N. S., p. 2. That package was received by defendant's company as a common carrier, *Lakeman* v. *Grinnell* (5 Bosw., 625). That the American Express Company was bound to make personal delivery, Edwards on Bailments, 54; 1 Parsons on Contracts, 657, note *m*, and cases cited, 5 Am. Law Reg., N. S., p. 7, and cases; Redfield on Railways, § 127; *Haslam* v. *Adams' Ex. Co.* (6 Bosw., 235). As to distinction as to carriers by canal, river, and railway, Redfield on Railways, § 127; 5 Am. Law Reg., N. S., p. 7; 2 Kent Com., 774–776 [604] and notes; *Thomas* v. *Boston and Providence R. R. Co.* (10 Metc., 472); *Chickering* v. *Fowler* (4 Pick., 37). That the defendant did not use sufficient diligence, Edw. on Bailments, pp. 67, 96, 97, 98, 102–108; Jones on Bailments, 40–93; *Wilson* v. *Brett* (Mees. & Wels., 13); *Fellows* v. *Gordon* (8 B. Monr., 415).

Grover, J. The facts found by the referee showed beyond question that the defendant was a common carrier, and responsible, as such, for property delivered to it for transportation. This finding was warranted by the evidence. It was engaged in transacting a general express business. It

is insisted by the counsel for the defendant that its liability
was restricted by the contract, proved by the receipt given
by the Adams Express Company to the plaintiff, upon the
receipt of the money from him by it at Hart's Island. From
this receipt, it appears that the latter company undertook to
forward the package to its agent nearest to its destination,
there to deliver it to other parties to complete the transpor-
tation, such delivery to terminate all liability of that company
for its passage. There is nothing in this or any other restric-
tion at all affecting the liability of the defendant as a common
carrier; all the restrictions found in the receipt are by the
language limited to the liability of the Adams company.
Indeed, were they applicable to the defendant, they would
not affect the liability of the defendant in the action, as they
do not include the cause of the loss, unless they relieve the
carrier from the duty of delivery to the consignee. The first
inquiry is, whether it was the duty of the carrier so to deliver
the package in the absence of any restriction. Carriers by
land are bound to deliver or tender the goods to the con-
signee at his residence or place of business, and until this is
done they are not relieved from responsibility as carriers.
(2 Kent's Com., 605; Angel on Carriers, § 295; *Gibson* v.
*Culver*, 17 Wend., 305; *Fisk* v. *Newton*, 1 Den., 45.) But when
goods are safely conveyed to the place of destination, and the
consignee cannot, after reasonable effort, be found, the carrier
may discharge himself from further responsibility by deposit-
ing the property in a suitable place for the owner. (*Fisk* v.
*Newton, supra.*) Carriers by vessels, boats and railways are
exempt from the duty of personal delivery. (Redfield on
Railways, § 127; *Thomas* v. *Boston R. R. Co.*, 10 Metcalf,
472.) Such carriers discharge themselves from responsibility,
as such, by transporting the goods to their nearest business
station to the residence or place of business of the consignee,
and notifying the consignee of their readiness to deliver the
goods at such station, after the lapse of a reasonable time for
him to receive them. But this exemption does not extend to
express companies, although availing themselves of carriage

by rail. (Redfield on Railways, § 127.) These were established for the purpose of extending to the public the advantages of personal delivery enjoyed in all cases of land carriage prior to the introduction of transportation by rail.

It appeared in the present case that the defendant had its vehicles by which they carried articles to the consignees in the city of Schenectady, which had arrived there by rail under contracts with the company for the transportation. This is the usual course of transacting business by such companies ; were it otherwise, the business done by these companies would be greatly diminished, as it would be equally advantageous in many cases to have the property transported by the railroad company. When the defendant received the package from the Adams Company at New York, consigned to Martin Witbeck, Schenectady, it became liable as carrier for its carriage to Schenectady and its delivery to Witbeck there, if with reasonable diligence he could be found. The performance of this entire service was contracted for by its receipt so addressed, and had the defendant received it from the plaintiff at New York and given him a receipt for its transportation, the obligation to make personal delivery at Schenectady, would have been incurred. The only remaining question arises upon the exception taken to the finding by the referee, as a fact, that the defendant did not make due effort, nor use due diligence to find said Martin Witbeck, the consignee of said package. It is insisted by the counsel for the appellant, that the question, what is reasonable diligence, is one of law. That may be so, when there is no conflict in the evidence, or controversy as to the facts to be inferred therefrom. But that is not this case, nor will most cases of this class be of that description. In most, if not all, the questions will be mixed, both of fact and law. In the present case the finding of the referee was clearly correct. The diligence, which the law required of the defendant, was such as a prudent man would have used in an important business affair of his own. The evidence shows that the defendant was so inattentive as to mistake the surname of the consignee.

Although the package was addressed to Witbeck, all its inquiries were made for Whitbeck. This may have prevented their finding him. It further appeared that its inquiries were confined to a few persons in the vicinity of its place of business, and that by these it obtained information of other persons of a like surname, one of whom was the father of the consignee. Surely inquiry should have been made of these persons, and had it been so made delivery would have been made and the loss would never have occurred. There is nothing in the point that the negligence of the plaintiff in not giving further information as to the residence of the consignee contributed to the loss. The defendant accepted the package, addressed as it was, and failed in the performance of the duty imposed thereby. For such failure it is responsible, irrespective of the right of the plaintiff to give additional information. I have examined the various exceptions taken by the appellant to the rulings of the referee as to the competency of evidence. The question whether the consignee was well known in Schenectady was proper. The plaintiffs had the right to prove this fact if he could. But the testimony given in answer was not material. None of the testimony excepted to could have prejudiced the defendant. The judgment appealed from must be affirmed.

All the judges concurring judgment affirmed.