BYRON SHERMAN *et al. against* THE HUDSON RIVER RAILROAD COMPANY.

Goods were shipped at Cairo, Illinois, by the Illinois Central Railroad, *via* Chicago, consigned to the plaintiff, "Byron Sherman, No. 41 Warren street, New York," and were received from the intermediate railroad company by the defendants, common carriers between East Albany and New York, with directions to deliver them to "Ryan Sherman, N. Y." Defendants transported the goods to New York, and warehoused them, and made no effort to notify the nominal consignee, otherwise than by mailing a letter to "Ryan & Sherman, N. Y.," and although notified by plaintiff of his ownership in the goods, and of the marks on it, and the route by which it had been shipped, as means to identify it, made no efforts to discover whether they had his goods in their possession: *Held,* That they were liable to plaintiff for the damage he had suffered by their delay in delivering the goods.

APPEAL from a judgment of this court; entered on the report of a referee to hear and determine.

The action was brought against the defendants, as common carriers, to recover damages for their negligence in delaying to deliver to the plaintiffs goods consigned to them.

The facts are fully stated in the opinion.

Plaintiffs had judgment, and defendants appealed.

*F. Loomis*, for appellants.

*Henry D. Beman*, for respondents.

ROBINSON, J.—Defendants being common carriers between East Albany and New York, on the 12th of December, 1864, received at the former place, from a previous carrier, for transportation to New York, thirteen bales of cotton belonging to the plaintiffs, marked F. B., in a diamond or oblong, with notice that it came by way of the Illinois Central Railroad Company, by way of Chicago and Buffalo, and with directions for delivery to "Ryan Sherman, N. Y.," which they carried to New York, where it arrived on the 13th, and in the absence of any immediate claimant, they warehoused it on the 22d of that month. The only efforts made to notify the nominal consignee, was to mail a notice of the arrival of the cotton in the city post office, directed to "Ryan and Sherman," New York, and no one applying, it was also warehoused in the name of that firm. The cotton had been originally shipped at Cairo, Illinois, by the Illinois Central Railroad, *via* Chicago, consigned to the plaintiff, "Byron Sherman, No. 41 Warren street, New York," and by some error of previous carriers, the address of the consignee had been changed to "Ryan Sherman," and his place of business, "No. 41 Warren st., N. Y.," omitted. The plaintiff, Byron Sherman, after allowing a reasonable time for the transmission of the cotton to New York, at various times during the month of December, and also in January, applied at defendants' general freight office in New York, and showed the persons in charge of the freight business his original receipt, on the Illinois Central Railroad, dated at Cairo, for the 13 bales marked F. B., in a diamond or oblong, and made repeated inquiries for the cotton, but could get no infor-

mation respecting it from the defendants' agents. Although fully apprised of plaintiff's ownership of this cotton, then either in their charge or in the warehouse where they had stored it, the defendants' agents seem to have treated these applications with an entire indifference and inattention that was entirely inexcusable, unless they had acquitted themselves of all responsibility by warehousing the property after reasonable and unavailing efforts to discover the consignee.

The referee, upon the evidence adduced before him, has found to the contrary, and in my opinion could not have properly come to any other. Although in the transmission of this property in its long transit from Cairo, through various lines of common carriers, the address had been changed to "Ryan Sherman, N. Y.," they made no effort to find any such individual, and treated the repeated applications made by the plaintiff, who at the same time furnished the means of complete identification of the property, with inattention and neglect. Under these circumstances, the exercise of that reasonable care and diligence required from a common carrier in finding and notifying the consignee (*Fisk* v. *Newton*, 1 Den. 47 ; *Whitbeck* v. *Holland*, 45 N. Y. 17) was clearly wanting.

The circumstance that some previous carrier had altered the name of the consignee from " Byron Sherman " to " Ryan Sherman," does not detract from the force of this conclusion upon any ground of contributive negligence on the part of any one acting with powers of agency from the plaintiffs, or with independent authority or capacity to thus affect their rights. The intermediate carrier negligently making such change of name was responsible for all the consequences of his error ; but the defendants are independently liable to the plaintiffs, under the proofs and facts established before the referee, for their own exclusive remissness of duty in failing to make any inquiry as to " Ryan Sherman," or giving any notice to any one answering to that name, and in wholly disregarding the early and repeated applications made by the plaintiffs for their property, then in defendants' possession or control (as the warehousing of it under the unknown and suppositious firm name of " Ryan and Sherman," was no appropriation of it

even to Ryan Sherman), with full evidence and means tendered for its identification as the plaintiffs' property. Taking into consideration the entire facts, there is no occasion for speculating to what extent the defendants would have been liable, had their entire conduct and all questions of diligence been based upon reliance on the fact represented to them that "Ryan Sherman" was the consignee, and they had fuly discharged their duty as carriers, by reasonable efforts to find and notify him. The judgment should be affirmed.

DALY, Ch. J., and LARREMORE, J., concurred.

Judgment affirmed.