Landon, J.
The defendant December 19, 1885, brought some butter to the plaintiff’s store to sell. The plaintiff upon inspection of the butter questioned its quality and hesitated to purchase it, The defendant thereupon insisted upon his taking it and agreed, “that if the butter did not suit he would take it back; he wanted plaintiff to try it.” The plaintiff thereupon took the butter and paid the defendant for it.
The plaintiff did try to sell it to his customers but the butter proved to be unsalable, and this was ascertained in about ten days after its purchase by plaintiff. The plaintiff kept a country store, and defendant, who lived about two miles from the store, had been in the habit of frequenting his store as a customer, but upon the sale of this butter discontinued his visits. On March 2d, following the sale, plaintiff saw defendant and told him the butter was unsalable. May 22d, following, plaintiff returned the butter to the defendant, and soon after brought this action to recover its purchase price. The butter was in a somewhat worse condition when returned to defendant than when received by the plaintiff.
This is not a case of warranty of quality, but of an option *108 given by the seller to the buyer to return the butter and rescind the sale if the butter should prove unsalable. The .plaintiff had the right upon ascertaining the fact of unsalability .within a reasonable time, to use his option to. return the butter within reasonable time. Johnston v. Trask (40 Hun, 415), and cases there cited.
What amounts to a reasonable time, is to be determined from the circumstances. The plaintiff did fail to return the butter promptly after his discovery of its unsalability. But there were circumstances tending to show an excuse for this delay and the question of reasonable time could not be determined without determining whether these circumstances, afforded a sufficient excuse.
We think the question of reasonable time was under these-circumstances one of fact for the jury and not of law for the court. Cross v. Beard, 26 N. Y., 89; Lamb v. Camden and Amboy Co., 2 Daly, 474; Witbeck v. Holland, 45 N. Y., 13.
Judgment affirmed, with costs.
Learned, P. J., and Bockes, J., concur.