### G. S. ROTH CLOTHING CO. v. MAINE S. S. CO.

(Supreme Court, Appellate Term.  January 7, 1904.)

1. CARRIER OF GOODS—DILIGENCE REQUIRED—QUESTION FOR JURY.
   What is a due effort on the part of a carrier of goods, and what is proper diligence, depend on the circumstances of each case, and are questions of fact for the jury.

2. SAME—ACTION FOR DELAY IN DELIVERY—PROOF OF DAMAGES.
   Plaintiff shipped certain goods over defendant's line, and the shipment was refused because of the bankruptcy of the consignee, and the merchandise was returned to the place of shipment, but plaintiff was not notified of such return by the carrier for about five months.  Held, that the measure of damages in an action against the carrier was the difference in the value of the shipment at the time and place it ought to have been delivered, and its value at the time when plaintiff was notified of its return.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the G. S. Roth Clothing Company against the Maine Steamship Company.  From a judgment for plaintiff, defendant appeals.  Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Carpenter, Park & Symmers, for appellant.
Shafer & Levin, for respondent.

GREENBAUM, J.  This action was brought to recover damages suffered by defendant's negligence in delaying the delivery of certain goods to the plaintiff.  The goods were shipped on September 15, 1902, by plaintiff, via the defendant's line, to a firm at Colebrook, N. H.  The shipment was refused, owing to the bankruptcy of the con-

signee, while the goods were in transit. The merchandise was immediately returned to New York City, the point of original shipment, and reached here September 27th. Plaintiff gave proof that the first knowledge it had of the nondelivery of the goods to the original consignee, and of their return to New York City, was the receipt of a postal card from defendant on February 17, 1903; that a representative of plaintiff at once called at defendant's office, and learned that the goods had been there since September; that, although the goods were then tendered plaintiff, the latter refused to accept them. There is also uncontradicted proof in the case that on March 23, 1903, the defendant wrote a letter to plaintiff, calling upon it to send and remove the goods, and that, unless removed, they "will be placed in public warehouse at your risk and expense," and that at the time of the trial the goods were in fact at a storage warehouse. On the question of damages, the plaintiff, on the direct examination of the only witness called, proved the value of the goods when they were consigned at $128, and tendered no proof as to any depreciation in value since September, 1902. Upon cross-examination of the witness, he testified first that he could not tell what the goods were worth on March 23d, and then, later, on further cross-examination, that they were then worth only 50 per cent. of value. Judgment was given for plaintiff for $64; that is, 50 per cent. of the value in September.

"What is a due, a reasonable, effort, and what is proper and reasonable diligence, depends necessarily very much upon the circumstances of each case, and, in the nature of things, is a question of fact for the jury, and not of law for the court." Zinn v. New Jersey Steamboat Co., 49 N. Y. 445, 10 Am. Rep. 402. Under the rule above laid down, we would not be disposed to interfere with the determination of the court below upon the finding of negligence, but it is apparent that the case was tried upon an erroneous theory as to the measure of damages. The rule of damages laid down in Ward v. New York Central Railroad Company, 47 N. Y. 32, 7 Am. Rep. 405, where a carrier is negligent in unreasonably delaying the delivery of merchandise, "is the difference in its value at the time and place it ought to have been delivered and the time of its actual delivery." Applying this rule to this case, it was incumbent upon plaintiff, to entitle it to a recovery, to give proof of the value of the goods on the day in September, 1902, when they might, by reasonable diligence, have been received by plaintiff, and the value on February 17, 1903, when the plaintiff was in a position to take them. Even if we were disposed to rely upon the evidence brought out upon the cross-examination of plaintiff's witness as to a depreciation on March 23, 1903, this would not avail the plaintiff, as there was no proof of the condition of the market or as to the value of the goods between February 17th and March 23d.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.