THE G. S. ROTH CLOTHING Co., Respondent, *v.* THE MAINE STEAMSHIP Co., Appellant.

(Supreme Court, Appellate Term, January, 1904.)

Common carrier — Its diligence in returning to the consignor goods refused by the consignee is a question of fact — Measure of damages for unreasonable delay.

> Where a consignee refuses goods forwarded to him by a common carrier because he became bankrupt while the goods were in transit and the carrier returns them to the place of original shipment, the question of what is a reasonable and diligent effort upon its part to find the consignor and tender him the goods is one of fact for the jury and not of law for the court.

> The rule of damages where the carrier has been negligent in unreasonably delaying delivery of the goods to the consignor is the difference in their value at the time and place they ought to have been delivered and the time of actual delivery.

APPEAL from a judgment of the Municipal Court of the city of New York, third district, borough of Manhattan, in favor of the plaintiff.

Carpenter, Park & Symmers, for appellant.

Shafer & Levin, for respondent.

GREENBAUM, J.   This action was brought to recover damages suffered by the defendant's negligence in delaying the delivery of certain goods to the plaintiff.

The goods were shipped on September 15, 1902, by the plaintiff *via* the defendant's line to a firm at Colebrook, N. H. The shipment was refused owing to the bankruptcy of the consignee, while the goods were in transit; the merchandise was immediately returned to New York city, the point of original shipment, and reached here September twenty-seventh.

The plaintiff gave proof that the first knowledge it had of the nondelivery of the goods to the original consignee, and of their return to New York city, was the receipt of a postal

card from the defendant on February 17, 1903; that a representative of the plaintiff at once called at the defendant's office and learned that the goods had been there since September, and that although the goods were then tendered to the plaintiff the latter refused to accept them. There is also un-contradicted proof in the case, that on March 23, 1903, the defendant wrote a letter to the plaintiff calling upon it to send and remove the goods, and that, unless removed, they " will be placed in public warehouse at your risk and expense," and that at the time of the trial the goods were in fact at a storage warehouse.

On the question of damages, the plaintiff, on the direct examination of the only witness called, proved the value of the goods when they were consigned at $128, and tendered no proof as to any depreciation in value since September, 1902. Upon cross-examination of the witness, he testified at first that he could not tell what the goods were worth on March twenty-third, and then, later, on further cross-examination, that they were then worth only fifty per cent. of the value. Judgment was given for the plaintiff for sixty-four dollars, that is, fifty per cent. of the value in September. " What is a due, a reasonable effort, and what is proper and reasonable diligence, depends necessarily very much upon the circumstances of each case, and in the nature of things, is a question of fact for the jury, and not of law for the court." Zinn v. New Jersey Steamboat Co., 49 N. Y. 445. Under the rule above laid down, we would not be disposed to interfere with the determination of the court below upon the finding of negligence, but it is apparent that the case was tried upon an erroneous theory as to the measure of damages. The rule of damages, laid down in Ward v. New York Central Railroad Company, 47 N. Y. 32, where a carrier is negligent in unreasonably delaying the delivery of merchandise, " is the difference in its value at the time and place it ought to have been delivered and the time of its actual delivery." Applying this rule to this case, it was incumbent upon the plaintiff, to entitle it to a recovery, to give proof of the value of the goods, on the day in September, 1902, when they might, by reasonable diligence, have been received by the plaintiff, and the

value on February 17, 1903, when the plaintiff was in a position to take them. Even if we were disposed to rely upon the evidence brought out upon the cross-examination of the plaintiff's witness as to a depreciation on March 23, 1903, this would not avail the plaintiff as there was no proof of the condition of the market or of the value of the goods between February seventeenth and March twenty-third.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

FREEDMAN, P. J., and GILDERSLEEVE, J., concur.

Judgment reversed, and new trial ordered, with costs to appellant to abide event.