but we are to assume that the court did not overlook the provision alluded to, and the direction certainly is to the effect stated.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.   All concur.

———

(45 Misc. 383)

### FRIEDMAN v. METROPOLITAN S. S. CO.

(Supreme Court, Appellate Term.   November 10, 1904.)

1. CARRIAGE OF GOODS—NOTICE TO CONSIGNEE—POSTAL CARD.

A postal card notice by a carrier of goods of their arrival to a consignee is sufficient, especially where the consignee is aware of a local custom of giving notice in this manner.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Philip Friedman against the Metropolitan Steamship Company.   From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Winthrop & Stimson, for appellant.

Joseph Sapinsky, for respondent.

FREEDMAN, P. J.   This action was brought to recover the sum of $72 for the alleged failure of defendant, a common carrier, to transport and deliver within a reasonable time a case of merchandise accepted by it on March 24, 1903, from the Boston & Maine Railroad Company, a connecting carrier, and consigned by the Bell Shoe & Clothing Company, of Lowell, Mass., to the plaintiff's assignors, the firm of L. Siff & Bros., New York City, and for its alleged failure to notify the consignees of the arrival of said merchandise within a reasonable time.   It is claimed that the merchandise was not delivered, nor offered for delivery, until April 30, 1903, and that by reason of the defendant's failure to deliver it before that time, and within a reasonable time, the said merchandise depreciated in value to the extent of $72.   The questions litigated upon the trial were as to the plaintiff's title to the goods, the receipt of the arrival of the merchandise at New York, and the defendant's legal duty to give such notice.

The testimony as to the giving of notice is that upon March 26, 1903, the defendant's notice clerk, whose duty was to notify all consignees of the arrival of freight, mailed a postal card notice addressed to the plaintiff's assignor at 760 Broadway—the address upon the case.   The postal was returned for some reason or other on the following day by an employé of Loft & Co., who said that it had been delivered by mistake to his employers.   Buckley thereupon immediately made out another notice, after examining the case, and addressed it to L. Siff & Bros., at the same address—760 Broadway—and personally deposited it in the post box.   The notice was never returned to the Metropolitan Steamship Company.   Upon failing to hear from the consignees, Buckley wrote to the agent of the Boston & Maine Railroad Company at Boston, on April 8th, advising him of the consignee's failure to re-

90 N.Y.S.—26

ceive the goods, and requesting instructions for a disposition thereof. No reply was received to this notice. On April 24th thereafter, Buckley sent a third postal card to L. Siff & Bros., directed as before, and to this postal Siff & Bros. replied; and the goods were thereafter delivered to them, after some correspondence, on the 30th of April, 1904. The only material testimony opposed to this is the testimony of the bookkeeper of the plaintiff, who testified that he did not receive the notice, but admitted that he was absent from the office at times, that it was possible for mail to come in that he would not see, and that postal cards coming into his hands might be thrown aside and never reach the hands of the firm. No members of the plaintiff's firm of assignors were called to corroborate the bookkeeper. Upon this point the case seems to fall well within the decision in the case of G. S. Roth Clothing Co., v. Maine Steamship Co., 44 Misc. Rep. 237, 88 N. Y. Supp. 987, especially as in the case at bar it was shown that the plaintiff was aware of the custom of carriers in this city to give notice in this manner. Buckley was a disinterested and uncontradicted witness. His testimony is positive and not inherently improbable, and should not have been disregarded by the jury.

Judgment and order reversed. New trial ordered, with costs to appellant to abide the event. All concur.

