No. 4869.

(Court of Appeal, Parish of Orleans.)

## LOUISIANA RED CYPRESS CO. vs. MORGAN'S L. & T. R. R. AND S. S. CO.

Hall & Monroe for plaintiff and appellant.

Denegre & Blair and Leovy for defendant and appellee.

DUFOUR, J.—A carload of lumber was shipped at Morgan City by the plaintiff on April 30, 1907, consigned to one Tisdale at New York City.

It was moved on the Morgan line to New Orleans, and was there transferred to the steamship line of the Southern Pacific.

The lumber reached New York on May 10th, and was unloaded on the pier a day or two afterwards; there, on the evening of May 17th, it was destroyed by a fire which burned the pier and most of the freight that it contained.

The plaintiff now seeks to recover the value of the shipment on the ground that the loss was due to the negligence of the defendants.

As a bill of lading was given at Morgan City for the Southern Pacific transportation, containing a waiver of liability for damages resulting from fire, we may at once dismiss the claim that the liability was the ordinary one of a common carrier under our Civil Code, or under the Act of Congress in 34 State at Large, p. 593, sec. 20.

It follows that this case is not governed by the **Lehman Stern case, 115 La. 1,** requiring proof by the carrier of the precise cause of the fire, but that it falls within the doctrine of the **Simms case, 47 S. R. 602,** exonerating the carrier proving that the damage was not caused by its negligence.

It is abundantly shown here that all the usual and reasonable precautions were taken to prevent and to extinguish the fire, hydrants and buckets of water were plentiful and the docks were properly watched.

The defendant is, on this score, absolved from blame by sufficient proof of due diligence on its part.

Under **Article 1933, R. C. C.**, however, if the fortuitous event causing the loss was preceded by some fault of the debtor without which the loss would not have happened, the debtor is liable.

From this, it is argued with considerable force, that if timely notice had been given to the consignee herein of the arrival of the lumber, he could have easily, and would surely, have removed it before the fire, and that, in consequence, failure to give such notice was negligence which practically caused the loss.

This claim is fully substantiated by the text of the article and the rulings of the Supreme Court in **35 An. 119**, and **41 An. 639 and 642**.

The inquiry, therefore, is: Did the carrier do what the law required in the sending of the notice?

The goods were consigned to J. D. Tisdale, New York, and it does not appear that the carrier's business relations with him had been such as to warrant the assumption that his specific address was, or should have been, known to the carrier.

Cowert, defendant's New York agent in charge of the notice department, says that the notice was mailed in a post-paid envelope on May 10th, addressed in accordance with the bill of lading, and that the letter was never returned to the company by the postal authorities, although the sender's address was stamped on the envelope.

Tisdale says that he received the notice on May 16th at a substation named Astoria, N. Y., which was his resi-

dence; he does not, however, produce the envelope which would have shown the date of mailing.

Tisdale further states that, on May 17th, he sent the notice to one Hunter, plaintiff's agent in New York, with a letter requesting him to see to the lightering of the lumber, yet, Hunter, though he produces the notice, when on the stand, is unable to produce either the letter or the envelope.

Hunter also says that later he sent the notice to Beasley, plaintiff's lighterman in New York, but the latter was not presented as a witness and the letter and envelope were not produced.

The plaintiff's proof is not convincing, and we cannot agree with the counsel that Tisdale is a disinterested witness when we consider that he would be responsible for the value of the consignment, should it appear that the notice was received by him in time.

It is shown that it is customary at the port of New York for the Southern Pacific to give the consignee notice by mail of the arrival of the shipment.

> "A well known local custom that a carrier of goods shall notify the consignee by mail is to be considered as part of the agreement of transportation."

**88 N. Y. Supp. 987; 90 N. Y. Supp. 401.**

In both of these cases it was held that mailing the notices was sufficient, although the consignees swore that they were never received.

We think that, as a general rule, when the carrier has no address other or more definite than that given by the shipper in the bill of lading, he is warranted in sending the notice of arrival to that address. He certainly is not bound to look for addresses in other postoffice subdivisions.

— 146 —

Plaintiff's counsel cites three cases as sustaining his views.

In the first, **49 N. Y. 442**, there was no notice sent.

The second, **2 Daly, 104 (N. Y.)**, laid down a rule which was superseded by the decision in **88 N. Y. Supp. 987.**

In the third case, **96 N. Y. Supp. 185**, the address on the box read: "Wm. Wood & Co., New York, N. Y.," while the shipping ticket read: "W. Wood, New York, N. Y."

The Court said that "the box bore the name of the consignee and destination, and notice mailed to that name and destination would have fulfilled the diligence in such cases required." It then proceeded to hold defendant liable because, instead of doing that, the carrier selected a chance address from forty "W. Wood" mentioned in the directory.

In the present case, the notice was sent to the only address known to the carrier, and there is nothing to show the existence of any other "Tisdale" in New York.

It appears to us that plaintiff has itself alone to blame for the trouble; several communications in the record from Hunter, their sales agent in New York, show its representatives to have been fully cognizant of the fact that the correct address was Astoria, L. I., New York, yet, they failed to so inform the carrier.

The plaintiff's demand was properly rejected.

Judgment affirmed.

January 10, 1910.

Rehearing refused January 24, 1910.

Writ denied by Supreme Court March 2, 1910.