THOMAS E. FAIRFAX, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

Plaintiff bought a ticket of the G. T. R. Co., at Montreal, from that city by railroad to Troy or Albany, thence by steamboat on the Hudson river to New York. His baggage was checked to go by the same route, but the railroad agent at Troy delivered it to defendant, who received and transported it over its road to New York. It was placed in its baggage-room. Three days thereafter, and as soon as plaintiff had reason to believe that his baggage had been carried by defendant, he demanded it; a portmanteau could not be found. In an action to recover for the loss, *held*, that the delivery of the baggage to defendant was the wrongful act of the railroad agent at Troy, who was not plaintiff's agent in any sense that would enable him to bind plaintiff by his acts; that defendant at least incurred the liability of a warehouseman, and was bound to exercise ordinary care, to account for the baggage in some way when demand was made, and to show that it had disappeared without its fault.

In the portmanteau were thirty-nine English sovereigns. The court charged the jury, if they found for plaintiff, that they should allow the value of the sovereigns, if they found they were a proper and reasonable amount for plaintiff to carry with him for his journey ; and that, in deciding this question, they should take into consideration his circumstances, the length and character of his journey, and the fact that he was in a foreign country. To which charge defendant's counsel duly excepted. *Held*, that the charge was at least as favorable to defendant as the law required ; that defendant, having taken the portmanteau without plaintiff's knowledge or assent, was bound to care for it and its contents, no matter what they were.

In the portmanteau were articles of clothing made for plaintiff and partly worn. The court charged that plaintiff was entitled to recover the full value, for use to him, of the clothing, and not merely what it could be sold for in money. *Held*, no error.

As to whether the defendant was liable absolutely for the baggage,

upon the theory that its interference therewith was wholly unauthorized and wrongful, *quære.*

(Argued March 18, 1878; decided March 26, 1878.)

APPEAL from a judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 11 J. & D., 18.)

This action was brought to recover the value of a portmanteau and contents, alleged to have been delivered to defendant, at Troy, to be transported to New York, and to have been lost through its negligence.

The case, upon a former appeal, is reported in 67 N. Y., 11.

*Frank Loomis*, for appellant. In the delivery of the portmanteau to defendant, the Grand Trunk Railway acted as plaintiff's agent. (*Nelson* v. *H. R. R. R. Co.*, 48 N. Y., 498; *No. R. R. Co.* v. *Fitchburg R. R. Co.*, 6 Al. [Mass.], 254; *Rawson* v. *Holland*, 59 N. Y., 617; 1 Pars. on Con. [4th ed.], 39; *Ont. Bk.* v. *N. J. Stbt. Co.*, 59 N. Y., 516.) Although plaintiff personally committed no fraud, he was bound by any misrepresentation made by his agent. *Burnell* v. *N. Y. C. R. R. Co.*, 45 N. Y., 184; *Collins* v. *B. and Me. R. R. Co.*, 10 Cush., 506; *Waldron* v. *Stevens*, 12 Wend., 100; *Brown* v. *Montgomery*, 20 N. Y., 287; *Bennet* v. *Judson*, 21 id., 238; *Devoe* v. *Brandt*, 53 id., 462; *Cassard* v. *Hinman*, 6 Bosw., 8; *Hall* v. *Erwin*, 60 Barb., 349; *Magnin* v. *Dinsmore*, 62 N. Y., 35.) The court erred in refusing to charge that the relation of carrier to a passenger and his baggage did not exist between plaintiff and defendant. (5 J. & S., 516; 8 id., 128; Ang. on Law of Carriers, §§ 107, 110; 2 Redf. on Railways [4th ed.], 39; Laws 1850, chap. 140, § 28, sub. 9; *Glasco* v. *N. Y. C. R. R. Co.*, 36 Barb., 557; *Jones* v. *Norwich and N. Y. Tr. Co.*, 50 id., 193; 10 Cush., 506.) Defendant would only be liable for gross negligence. (*Edson* v. *Weston*, 7 Cow., 278; *Beardslee* v. *Richardson*, 11 Wend., 25; 10 Cush., 506.) The question whether defendant had made proper arrangements

to guard against the theft of baggage by its servants was improperly submitted to the jury. (*Schmidt* v. *Blood*, 9 Wend., 268.)

*Albert Stickney*, for respondent. If ·there was a misdelivery, defendant was absolutely liable as for a conversion whether negligent or not. (*Youl* v. *Harbottle*, Peake, 68; *Lubbock* v. *Inglis*, 1 Stark., 104; Story on Bailm'ts, § 450; *Hall* v. *B. and W. R. R. Co.*, 14 Al. 439; *Price* v. *Oswego R. R. Co.*, 50 N. Y., 213; *Bailey* v. *H. R. R. R. Co.*, 49 id., 70; *Bush* v. *Romer*, 2 T. & C., 597; *Stickney* v. *Allen*, 10 Gray, 352; *Suydam* v. *Jenkins*, 3 Sandf., 621.) The defense of fraud could not be maintained. (37 Sup'r C. R., 530; 40 id., 137; 2 Redf. R. Cas., 218.) Defendant was a wrong-doer in taking the trunk in its possession, and on failure to deliver it on demand became liable as for a conversion. (*Saltus* v. *Everett*, 20 Wend., 267, 275; *Robinson* v. *Baker*, 5 Cush., 137; *Fitch* v. *Newberry*, 1 Doug. [Mich]., 1; *Stevens* v. *Boston, etc., R. R. Co.*, 8 Gray, 262; *Bings* v. *Pigott*, 9 C. & P., 208.)

EARL, J. There is no imputation upon the honesty and good faith of the plaintiff. He made a contract at Montreal to be carried by railroad to Troy or Albany, and thence by steamboat upon the Hudson river to New York. His baggage was checked to go by the same route. It was carried to Troy by railroad, and there the railroad agent, instead of delivering it to be carried by steamboat to New York, delivered it to the defendant. The defendant received it to be transported over its road to New York, supposing that the plaintiff had a ticket for the same route.

The delivery of the baggage to the defendant was the wrongful act of the agent of the Rensselaer and Saratoga Railroad Company. He was not the agent of the plaintiff. The various railroad companies, which had contracted to carry him, were not his agents. They were contractors with him, and owed him the duty to carry him and his baggage

as they had agreed.   Their employees were not his agents in any sense that would enable them to bind him by their acts. The defendant had no right to take and carry this baggage. It was bound to know by the marks on the check that it was to be carried by another route.   But it took the baggage for transportation to New York, and was, therefore, bound to carry it safely, and when it reached New York was bound to deliver it to the plaintiff upon demand.   It there placed the baggage in its baggage-room on the afternoon of October ninth, and it remained there until the morning of the twelfth. Between eight and twelve o'clock of that day the plaintiff demanded his baggage, and it could not be found.

As was decided, when this case was here upon the prior appeal, the defendant incurred at least the responsibility of a warehouseman.   (*Fairfax* v. *N. Y. C. and H. R. R. R.*, 67 N. Y., 11.)   That responsibility required of it ordinary care in the keeping and delivery of the baggage ; and it was before decided upon the facts as they then appeared that it was a question of fact for the jury whether the defendant took such care.   The facts upon the second trial were not materially changed.   They were at least not so far changed that the court could, as matter of law, say that the defendant was not guilty of culpable negligence.   The plaintiff demanded his baggage, and that cast upon the defendant the burden of accounting for it in some way.   It was bound to show that it had disappeared from its baggage-room without its fault.   This it attempted to do, but it failed to show clearly what became of it.   It was either stolen or misdelivered.   It was, under all the circumstances, for the jury to determine which.   If it was misdelivered then the defendant became liable for it.

The plaintiff cannot be charged with any negligence in not claiming his baggage sooner.   As soon as he reached New York, and had reason to believe that his baggage had been carried over defendant's road, he called for it, and demanded it.   He thus certainly discharged any duty he owed the defendant, which had taken and carried his baggage and

placed it in its baggage-room without his knowledge or assent.

The general charge of the court to the jury was as favorable to the defendant as the law required.   But several exceptions to the charges, and refusals to charge, were taken, which must be briefly noticed :

First. The court refused to charge that the relation of carrier to a passenger and his baggage did not exist between plaintiff and defendant. This refusal was proper. The matter was wholly immaterial. I am inclined to think that the defendant in taking and conveying this baggage, without the knowledge or assent of the plaintiff, might be treated as having voluntarily assumed the responsibility of a common-carrier. But whether it might or not, it is sufficient for this action that it assumed at least the responsibility of a ware-houseman, and that imposed upon it the duty of ordinary care ; and hence, also, the court did not err in refusing to charge that the defendant was liable only for loss caused by gross negligence.

Second. The court charged the jury that the defendant was not liable for the loss of the baggage, if it exercised ordinary care, whether such loss was from theft or a misde-livery, and hence all the charge requested in reference to a reasonable time for the plaintiff to claim the baggage was wholly immaterial. The defendant had this baggage without plaintiff's knowledge or assent, and he claimed it as soon as he knew where it was, and he could not, therefore, be charged with any delay or default.

Third. In the plaintiff's portmanteau were thirty-nine English sovereigns, worth $218.40, and the court charged the jury that they should allow the value of the sovereigns, if they found that the amount of them was a proper, reason-able, and necessary amount for the plaintiff to carry with him in his portmanteau for his journey ; and in deciding this point that they should take into consideration the position and circumstances of the plaintiff, the length and character of his journey, the contingencies and accidents that might

naturally arise, and the fact that he was in a foreign country. The defendant excepted to this, and asked the court to charge that it was. not liable for the sovereigns. The charge, as made, was at least as favorable to defendant as the law required. The plaintiff did not deliver this portmanteau to the defendant for carriage, and in no way practiced upon the defendant any fraud as to its contents. He had no opportunity to inform defendant of the contents. It took the portmanteau without his knowledge or assent, and was bound to care for it, and its contents, no matter what they were.

Fourth. The court did not err in charging the jury that the plaintiff was entitled to recover the full value of the clothing for use to him, in New York, and not merely what it could be sold for in money. The clothing was made to fit plaintiff, and had been partly worn. It would sell for but little, if put into market to be sold for second-hand clothing, and it would be a wholly inadequate and unjust rule of compensation to give plaintiff, in such a case, the value of the clothing thus ascertained. The rule must be the value of the clothing for use by the plaintiff. No other rule would give him a compensation for his damages. This rule must be adopted, because such clothing cannot be said to have a market-price, and it would not sell for what it was really worth.

Fifth. There are other exceptions, but they are either plainly without foundation, or disposed of by what has already been said.

We do not mean to decide that the defendant incurred no greater responsibility than that of a warehouseman. It may be that it was absolutely liable for this baggage, upon the theory that its interference therewith was wholly unauthorized and wrongful.

The judgment must be affirmed, with costs.

All concur, except ALLEN, J., not sitting.

Judgment affirmed.