## William B. Neftel, Respondent, *v.* Simon Lightstone, Appellant.

Plaintiff's complaint alleged, in substance, that he negotiated with defendant, a real estate broker, for the purchase of a house ; that plaintiff, upon defendant's representations that it was necessary, in order to secure the house, placed in defendant's hands two checks for $1,500, which he agreed to return if plaintiff, after inquiry concerning the house, concluded not to purchase ; that plaintiff upon inquiry did so conclude, and demanded a return of the checks, which defendant refused, and wrongfully converted the checks, etc. The complaint also alleged certain representations by defendant known by him to be false, and "that he made them for the wrongful and fraudulent purpose of inducing the plaintiff to part with his said money, and of converting wrongfully the same." Plaintiff demanded judgment "for the wrong and injury aforesaid, and that defendant be adjudged and pay him damages to the amount of $1,500, with interest." Upon the trial no fraud was proved. Defendant's counsel moved for a dismissal of the complaint on the ground that the cause of action alleged was for fraud ; the court denied the motion, holding that the complaint was on contract *Held,* that the ruling would not be interfered with ; that as the complaint stated plainly a complete cause of action on contract, defendant was not embarrassed in his defense, and the allegations of fraud could properly be disregarded ; that in such case this court would not interfere, except for very manifest error.

*It seems,* that the appropriate remedy of defendant in such case is to move before trial to make the case more definite and certain ; or to strike therefrom the redundant matter

*It seems,* also, that under such a complaint, no order of arrest having been obtained, an execution against the body could not properly be issued. To justify such an execution it must be clear from the pleadings and judgment that the action is one in which it is authorized ; and upon a motion to set it aside it is competent to show the theory upon which the case was tried and decided.

(Argued April 7, 1879 ; decided April 15, 1879.)

Appeal from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, affirming a judgment in favor of plaintiff, entered upon a verdict.

The nature of the action and the facts appear sufficiently in the opinion.

*James M. Smith*, for appellant. No recovery could be had in the present form of action, unless the alleged false representations, wrongful conversion and wrongful and fraudulent acts of defendant are proved. (*Barnes* v. *Quigley*, 59 N. Y., 265; *Ross* v. *Mather*, 51 id., 108; *Degraw* v. *Elmore*, 50 id., 1; *Elwood* v. *Gardner*, 45 id., 354; *Dudley* v. *Scranton*, 57 id.. 424; *Ledwich* v. *McKim*, 53 id., 307; *Peck* v. *Root*, 5 Hun, 547; *Graves* v. *Waite*, 59 N. Y., 156; *Walter* v. *Bennett*, 16 id., 250; *Belknap* v. *Sealey*, 14 id., 147; *Harris* v. *Schultz*, 40 Barb., 319.) The court erred in its decision as to who had the affirmative of the issue. (*Lindsley* v. *European Pet. Co.*, 3 Lans., 176; *Huntington* v. *Conkey*, 33 Barb., 218; *Elwell* v. *Chamberlin*, 31 N. Y., 614; *Hoxie* v. *Green*, 37 How. Pr., 97.)

*Charles H. Winfield*, for respondent. The complaint stated facts constituting a cause of action on contract, and these facts being sustained by proof, a recovery is authorized, although the complaint is in form for conversion and the summons for relief. (*Connaughty* v. *Nichols*, 42 N. Y., 83; *Ledwich* v. *McKim*, 53 id., 307; *Graves* v. *Waite*, 59 id., 156; *Ross* v. *Terry*, 63 id., 613; *Byxbie* v. *Wood*, 24 id., 607; *Knapp* v. *Roche*, 37 N. Y. Sup. Ct. R., 395; *Veeder* v. *Cooley*, 2 Hun, 74; *Beard* v. *Yates*, 2 id., 466; *Conkey* v. *Bond*, 36 N. Y., 224; *Barnett* v. *Benjamin*, 9 Hun, 705; *Jones* v. *Butler*, 20 How. Pr. R., 189; *Scott* v. *Pilkington*, 15 Abb. Pr. R., 280.) There was sufficient evidence of fraud to sustain a recovery. (*Baldwin* v. *Cole*, 6 Mod., 212; *McCombie* v. *Davis*, 6 East, 537, 538; S. C.,. 7 id., 5; *Bristol* v. *Burt*, 7 John., 254; *Murray* v. *Burling*, 10 id., 172; *Reynolds* v. *Shuler*, 5 Cow., 323; *Spencer* v. *Blackman*, 9 Wend., 167; Starkie on Evidence, 1492; *Laverty* v. *Snethen*, 68 N. Y., 522.) The question upon what conditions defendant held the checks was properly submitted to the jury. (*Bidwell* v. *Lamont*, 17 How., 357; *Keller* v. *N. Y. C. R. R. Co.*, 24 id., 172; *Smith* v. *Tiffany*, 36 Barb., 23; *Bernhardt* v. *Bruner*, 4 Bosw., 528.)

Earl, J.   The defendant was a real estate broker in the city of New York, and in June, 1870, the plaintiff nego- tiated with him for the purchase of a house.   The complaint alleges that upon the representation of the defendant that it was necessary for the plaintiff, in order to secure the house, to deposit with him $1,500, he did place in defendant's hands two checks for that sum, upon the agreement by him that he would return the same to the plaintiff, if he (the plaintiff) afterward, upon inquiry concerning the house, concluded not to purchase the same ; that the plaintiff did afterward, upon inquiry, conclude not to purchase the house, and then demanded of him the return of the checks ; that the defend- ant refused to return them, but wrongfully converted them to his use, by collecting and causing to be collected the money upon them. · The complaint also alleges that certain representations made by the defendant concerning the house were known by him to be false, and "that he made them for the wrongful and fraudulent purpose of inducing the plaintiff to part with his said money and of converting wrongfully the same as aforesaid to his own use."   And the prayer for judgment is as follows:   "Wherefore the plaintiff demands judgment against the defendant for the wrong and injury aforesaid and that the defendant be adjudged and pay him damages to the amount of $1,500, with interest," etc.

Upon the trial, the plaintiff did not prove any fraud, and the defendant, on that account, claiming that the cause of action alleged was one for fraud and deceit, moved that the complaint be dismissed.   The judge denied the motion, hold- ing that the complaint was upon contract, and submitted the case to the jury, upon the conflicting evidence as to the contract.

The appellant now claims that the judge erred; that he should have held that the complaint was for fraud, and not for breach of contract, and should have nonsuited the plain- tiff.   While the complaint is unnecessarily prolix, and con- tains allegations not needful for a cause of action for the fraud or upon contract, yet it contains all the allegations

requisite for a complete statement of a cause of action upon the contract to hold and return the checks. Such cause of action is so plainly stated as not to embarass the defendant in making his defense, and the judge could properly disregard the allegations of fraud. In such a case, where it is plain that the cause has been tried upon its merits, and the defendant has not been embarrassed or misled in making his defense, and the judge, in view of all the language used in the complaint, and all the circumstances surrounding the trial, has given construction to the complaint, we should not interfere with his decision, except for very manifest error; and that does not exist here. (*Conaughty* v. *Nichols*, 42 N. Y., 83; *Ledwich* v. *McKim*, 53 id., 307; *Graves* v. *Waite*, 59 id., 156.)

The better way for the defendant in this case would have been to move beforehand to make the complaint more certain, or to strike therefrom the redundant·matter.

In an action with such a complaint as this, no order of arrest having been obtained by the plaintiff, an execution against the body could not properly be issued. To justify such an execution, it must be clear, from the pleadings and judgment, that the action is one in which it is authorized. In a doubtful case, the court should, upon motion, set it aside; and upon such a motion, it is always competent to show upon what theory the case was tried and decided at the circuit (*Wood* v. *Jackson*, 8 Wend., 9; *Dunckel* v. *Wiles*, 11 N. Y., 420; *White* v. *Madison*, 26 id., 117.)

In this case there can be no embarrassment as to the form of the execution, as the case as settled and the special findings of the jury show that the cause as tried and decided is one upon contract.

The judge submitted to the jury certain questions for special findings, and among them was this : Had Neftel an unrestricted option to take or not to take the house ? And the jury answered this in the affirmative.

It is claimed that there was no evidence to sustain this answer. It was a little uncertain upon the evidence whether

the contract was that the plaintiff was to have the absolute option, after giving the checks, to decline to complete the purchase, and demand a return of his checks, or whether he could do this only in case his lawyer and architect should decide that he had better do it.    The evidence was such that the jury could take either view, and we cannot say that they erred in their answer to the question.

There are several other exceptions, of minor importance, which must be briefly noticed.

The plaintiff was permitted to testify that he instructed his attorneys to write a letter to defendant demanding the deposit money of him.    It is not perceived upon what theory this evidence was admitted.    It may have been intended to follow it up with proof that the letter was written, and received by the defendant, in which case it would have been merely introductory or preliminary evidence, and competent.    But it was not so followed up, and was harmless.

Upon the evidence, as above stated, it was doubtful whether the plaintiff had the absolute right, after the deposit, to refuse to complete the purchase, or whether he could do it only upon the advice of his attorneys, or of his attorneys and architect.    The plaintiff testified that he called upon his attorneys soon after he made the deposit, and then was asked this question : "Upon that occasion, what advice did they give you as to taking this house ?" This was objected to as incompetent.    But the court overruled the objection, and the witness answered : "They advised me not to buy the house."    This evidence was competent at the time it was given, in one aspect of the case. But as the jury found the plaintiff had the absolute option to take or not to take the house, it became wholly immaterial and harmless.

The charge of the judge to the jury was full and fair, and was not excepted to.    The counsel for defendant presented to the judge several requests to charge ; and it does not appear how the judge disposed of them.    It is not stated in the case that he either charged or refused to charge them,

and hence the defendant's exception "to those that were not charged in accordance with his requests" presents nothing for consideration. But so far as the requests were proper, they seem to have been fairly covered by the charge as made.

We have considered all the other exceptions to which our attention was called; and they are clearly not well taken, and require no particular notice.

The judgment must be affirmed, with costs.

All concur.

Judgment affirmed.