The court of appeals unanimously reversed the decision of the general term, and adopted the opinion of the special term, which was as follows:
Potter, J.
This is a motion to set aside an execution issued against the person of plaintiff, upon a jndg *380 ment against him by defendant for the costs of this action, upon the ground that the gravamen of the complaint is a breach of contract, and not a tort.
The liability of a common carrier for the non-delivery of goods intrusted to him for carriage may be enforced by an action in either of the forms formerly known as assumpsit or tort, at the option of the pleader.
The rules of liability and defense were the same in each. If the pleader chose to predicate it upon contract, he would allege a contract, the consideration, and the breach or non-fulfillment of it.
If he chose to predicate it upon tort, he would allege the custom of the realm, the loss by conversion, &c. Certain incidents are peculiar to each form of action. In the former was to be observed the same rule as to joinder of parties as in other actions upon contract. In the latter the same rules in that respect applied as to actions for tort.
So, too, since the act to abolish imprisonment for debt and the adoption of the codes, there has been a distinction in the executions issuable in the different forms of action.
In the former, execution can only issue against the property. In the latter, it may issue against the person of the party. Whether this action belongs to one or the other of these classes depends upon the form of the summons, and especially upon the allegations in the complaint. The evidence upon the trial is not before me on this motion.
The summons is in the form prescribed in an action for money upon contract. The complaint alleges that the defendant was engaged in carrying goods for hire, the delivery to defendant of certain trunks by the plaintiff, to be conveyed to Rye. That defendant undertook for the safe transport of said trunks to their destination. That the charges for their transportation were duly *381 paid. While in defendants’ possession, and while they were responsible for the safety of said tranks, articles of the value of $400 were taken therefrom, and a demand for judgment for that sum, with interest thereon from the time the trunks and their contents were delivered to and received by defendant.
These are essential allegations of an action upon contract, and in an action upon tort the essential allegations of the complaint are that defendant was a common carrier, the custom appertaining thereto, and his duty as such, the loss of goods through defendant’s negligence or conversion, and the damages sustained by plaintiff by reason of the loss of his goods. These allegations are wanting in the complaint in this case.
On the contrary, the gist of the action, is the non-fulfillment of the undertaking or contract to carry and deliver safely, as alleged in the complaint.
My conclusion is, that the action is upon contract, and as no order of arrest has been obtained, for any matters incident to or extrinsic to the contract, neither party to it (if the defendants are not a corporation) can be arrested upon execution issued in it. I think these views are supported by Bank of Orange v. Brown, 3 Wend. 158; Campbell v. Perkins, 8 N. Y. 430; Brown v. Treat, 1 Hill, 225.
Motion granted, with $10 costs of motion.
The order of general term was accordingly reversed, and the exécution set aside.