By the Court.—Sedgwick, Ch. J.
By section 549 of the Code of Civil Procedure, as amended by chapter 542 of Laws of 1879, and in subd. 4,“a defendant may be arrested in an action upon contract, express or implied, other than a promise to marry, where it is alleged in the complaint that the defendant was guilty of a fraud in contracting or incurring the liability.”' If nothing further were enacted, the rules which were recognized in Neftel v. Lightstone (77 N. Y. 96) should be applied now. They refer to cases where a complaint sets out a cause of action upon contract, the allegations intermixed with other allegations that appear to claim an action for tort. That case held that if, upon the trial, the plaintiff proved a cause of action on contract, the complaint should not be dismissed, although there was no proof of any of the allegations as to fraud. Of course, on demurrer, such a complaint would have *251 been sustained, because it alleged a cause of action on •contract, at least.
Since the case cited was decided, the section 549 •referred to has been passed, and it further enacts that " when such an allegation is made, the defendant can,not recover, unless he proves the fraud, and a judgment for the defendant is not a bar to a new action, to recover upon the contract only.”
The effect of this, in my judgment, is, that for the purposes of pleading and remedies, to be suited to different states of fact, an action on contract, fraudulently contracted, to use a concise term, is different from a •cause of action on contract, pure and simple. The former is, if well founded, in its consequences, essentially •an action in tort, the difference being that it starts with a statement of a contract, with allegations of fraud .as an accessory. An action of tort would have as its principal basis the fraud. Perhaps, but no decision as to it is made, the incidental fraud need not be, per se, actionable fraud; but the result secured by the section is the same as if it were, for unless it be proved, there can be no judgment founded upon the contract proved. The result seems to be that the cause of action specified in the section involves the existence of the fraud meant and described in the section, and that whether or not a fraud is alleged, is a question of law that may be raised by demurrer, on the ground that the complaint does not state a cause of action. Such a question could be made as to the several allegations intended to state the different causes of action. While, on the one hand, the defendant has the privilege of raising the question in this way, and perhaps on the trial, the plaintiff has a right to demand that his claim shall not be entirely passed on upon motion. If there be, in the allegations of fraud, irrelevant or redundant matters, they may be stricken out, as in ordinary cases. In such a situation it is always implied that there is some *252 thing in the pleading, which on its own claims is sufficient to sustain the demand for judgment: otherwise, the matters objected to could not be claimed to be redundant, or immaterial or irrelevant.
If what has been said is correct, the last consideration is not met by a suggestion that a cause of action on contract would be left, and that, as to it, the matters are irrelevant and redundant. The action is not on the contract pure and simple. It is on the case, which has the contract as one only of its facts. The plaintiff claims to have a cause of action, which will entitle him, as of course, and without an order of arrest being issued, to an execution against the person. This claim, as has already been said, should not be determined upon motion, and as to it I am of opinion that there is no irrelevancy or redundancy of allegation. As to the former, there is pertinency of claim, and as to the latter, the meagerness and, perhaps, the insufficiency of the averments, show a decidedly contrary condition.
Order affirmed, with $10 costs.
Freedman, J., concurred.