CHRISTIANA HARRISON, Respondent, *v.* THE BROOKLYN, BATH
AND CONEY ISLAND RAILROAD Co., Appellant.

(Argued October 14, 1885; decided October 30, 1885.)

THE following is the *mem.* of opinion in this case :

" It is not material to consider the sufficiency of the complaint
as setting forth a cause of action in ejectment, in view of the
fact that the court ruled on the trial that the plaintiff had failed
to establish a right to recover in that aspect of the case.   The
objection taken to the generality of the description of the
premises demanded became by that ruling immaterial.   The
objection that the complaint did not justify a recovery in tres-
pass is, we think, under the circumstances, untenable.   The
defendant at the outset of the trial moved to dismiss the com-
plaint as to lots 35, 36 and 37, on the ground that the complaint
was in ejectment, and that the averments showed a trespass
only, and this motion having been denied, he asked the court

to require the plaintiff to elect whether he would proceed for a cause of action in ejectment or trespass, which motion was also denied. And at the conclusion of the plaintiff's case the motion to dismiss was renewed on the ground that the only acts proven were trespass. The defendant in making the first motion assumed that the complaint charged acts of trespass, and in his second motion that a trespass had been proved. It is not necessary to decide whether the motion to compel the plaintiff to elect as between ejectment and trespass should have been granted. The court at the close of the evidence treated the action as an action for trespass only, and directed a nominal verdict for the plaintiff on that cause of action, and the defendant was not prejudiced by the disposition made of the original motion. It is now claimed that the complaint did not set up a cause of action in trespass, and that it was error in the trial judge to direct a verdict for that cause, although the evidence might have warranted a recovery in trespass under an appropriate complaint. The complaint is very inartificial and indefinite in form. The defendant in his motion to dismiss treated it as averring a mere trespass when he sought to have it declared as insufficient to support a claim for the recovery of the possession of the land described, and afterward as containing averments appropriate to both ejectment and trespass, on his motion to compel the plaintiff to elect. The structure of the complaint as a whole is more appropriate to an action of ejectment than trespass, but the averments are so mingled and confused that, taking into consideration the pleading together with what occurred upon the trial, we think it should be held that a recovery in trespass was justified, if the evidence established the necessary facts, and that it did, is scarcely disputed. There was no error in the direction of a verdict for nominal damages, as there is no doubt that a trespass was proved."

The judgment should be affirmed.

*George W. Roderick* for appellant.

*D. P. Barnard* for respondent.

ANDREWS, J., reads for affirmance.

All concur.

Judgment affirmed.