Hatch, J.
It appears by the evidence given upon the trial and was conceded by defendants’ counsel upon the *103 hearing, that defendants did not have title to the lands lying under the waters of the ship canal, and did not have title to the triangular piece of land fronting thereon. This being established it follows that defendants had no right to so construct their bridge as to swing over or upon plaintiff’s premises. The servitude thus imposed thereon has the effect of substantially destroying plaintiff’s beneficial use and enjoyment of the same. So apparent is this result that defendant does not contend against it. The rights of the plaintiff having been thus infringed, it is the imperative duty of the court, to apply a remedy, and grant relief if within its power so to do. The contention of the defendant is that the allegations of the complaint make this an action of ejectment solely, and that ejectment will not he to redress the wrongs here complained of. The complaint alleges in substance, that the defendants are railroad corporations engaged in operating a railroad within the city of Buffalo. That the plaintiff is the owner in fee of real estate with certain appurtenances, among which is the right to travel upon Water street, upon which his said premises are bounded, and also, the right to navigate with water craft, and use and occupy all that body of water known as the Evan’s ship canal, running from Buffalo -Creek, to and adjoining plaintiff’s premises; that said canal is a navigable stream of water, and was constructed for the navigation of boats and water craft, from Buffalo Creek, Lake Erie, and owned by, and for the use and benefit of plaintiff and his premises, and the use of other persons, and their premises adjoining thereon, which canal was contracted by the former owners and grantors of said premises for the benefit thereof, and that for a long time the canal and premises have been used, and occupied and possessed by the plaintiff.
Then follows a description of the premises by metes and bounds. It then states that the plaintiff being in possession of said premises, and the owner thereof, the defendants on or about the 1st day of November, 1882, wrongfully and unlawfully entered into and upon said premises and parts and parcels thereof described as follows. Then follows a description of the premises by metes and bounds, which shows the land described as being the lands over which the said bridge swings when open, and also all of the land embraced in Water street, opposite plaintiff’s premises, and all that portion of the lands under the canal included in Water street and over which the bridge, when closed, rests. Then alleges that defendants wrongfully and unlawfully withhold the possession of said premises from plaintiff."' Then ■prays judgment that plaintiff recover the said real estate and appurtenances, rights and privileges, and the use, *104 occupation and possession thereof, and that the defendants, he prevented, restrained and prohibited from the use, occupation and possession, and each and every part thereof, together with damages.
From these allegations it can be spelled out that plaintiff seeks to recover for an invasion of rights and appurtenances incident to an ownership of land as well as the premises, for the pleader first alleges ownership in fee of premises, with certain appurtenances, and then sets out what they are. The first is an easement in Water street, upon which he says his premises bound. The other is the right to navigate with water craft the Evan’s Ship Canal, alleging the purposes for which it was constructed, the uses to which it was put, and how it was beneficial to his premises and to other persons bounding thereon. It is true that his subsequent allegations show title in himself, not only as an appurtenant right, but as owner of the fee, and in this his allegations may be construed to be inconsistent, but it does, not thereby follow that when he has shown himself entitled to recover upon one theory, his complaint shall be dismissed because he does not also show himself entitled to recover upon the other. His prayer for relief is that he recover the alleged appurtenances, rights and privileges of which he has been deprived, and that the defendants be restrained and prohibited from the use and occupation of the premises and every part thereof. As will be hereafter-noticed, if defendants had a remedy against this defective pleading it was not by a dismissal of the complaint after the proof is in, or by compelling an election of the branch upon which plaintiff shall proceed when the trial is opened.
The defendants appeared and answered separately.
First. By a denial of the possession and ownership of' the fee.
Second. A denial of any rights in Water street, and in the Evans ship canal.
Third. A denial of the uses and purposes for which said canal was constructed and the uses to which it has been put.
Fourth. Denies the wrongful entry.
The second defense is the acquiring of title to the premises by condemnation proceedings.
The third defense is that Water street is a public highway, the fee of which was in the city of Buffalo. And that said city duly granted this defendant the right to construct its railroad in Water street and across the canal, and that it has constructed it in conformity with such authority. The answer of the Delaware, Lackawanna and Western Railroad' Company also alleges that it is the lessee of the said railroad and premises from its co-defendant, and that, *105 the use and entry by it is identical with the acts mentioned in the complaint.
It is thus seen that the defendants squarely put in issue-each allegation in the complaint, both as to the fee and appurtenant rights. It was upon the issue thus framed that the parties came to trial. The proof given upon the trial was pertinent and embraced within the issues thus raised. If the allegations of the complaint were indefinite, or defendant wanted more particularity of statement, his remedy was by motion, to make more definite and certain. Neftel v. Lightstone, 77 N. Y., 96; Hale v. Omaha National Bank, 49 id., 626. But having answered he should not now be heard to complain. Kline v. Corey, 18 Hun, 524.
Especially is this true when it appears, as here, that defendant was not misled or prejudiced. The complaint should then be amended so as to conform with the proofs given upon the trial, Reeder v. Sayre, 70 N. Y., 180-190; Price v. Brown, 98 id., 388; Bedford v. Terhune, 30 id., 453.
This rule has been enforced where a demurrer to a complaint, if interposed, would have been sustained. Woolsey v. Rondout, 4 Abb. Ct. App. Dec., 639.
Section 1207, Code Procedure, authorizes the entry of any judgment consistent with the case made by the complaint and embraced within the issues, when an answer has been interposed.
Section 484, subdivision 9 provides, that claims arising out of the same transaction, or connected with the same subject of the action, may be united. The courts early held, under like provisions, that if the facts stated in the complaint are sufficient to entitle a party to the relief asked, it would be error to dismiss, and in Barlow v. Scott (24 N. Y., 40), Judge Lott states, that “the statement of the right- and its infringment by a defendant constitute such a case.” Id. 45.
That was an action for specific performance of a contract. The proof showed no title in the defendant so that a decree-of performance could not be made. The court awarded damages for the non-performance of the agreement, which was upheld.
This doctrine finds support in The N. Y. Ice Co. v. N. W. Ins. Co., 23 N. Y., 357.
In Davis v. Morris (36 N. Y., 569), it is held that legal and equitable causes of action arising out of the same transaction may be joined, and when the plaintiff fails on a trial before the court to establish his rights to equitable relief, ho is not thereby prevented from having his legal claims passed *106 upon by a jury. The converse of this proposition must of course be true. Beck v. Allison, 56 N. Y., 366.
In Stevens v. Mayor of New York (84 N. Y., 296), Judge Danforth states the rule thus, “ the names of actions no longer exist, but we retain in fact the action at law and the suit in equity. The pleader need not declare that his complaint is in either; it is only necessary that it should contain facts constituting a cause of action, and if these facts are such as, at the common law his client would have been entitled to judgment, he will under the Code obtain it. If on the other hand they establish a title to some equitable interposition or aid from the court, it will be given by judgment in the same manner as it would formerly have been granted by decree. So the complaint may be framed with a double aspect, but in every case the judgment sought must be warranted by the facts stated. For as was said in Dobson v. Pearce (12 N. Y., 156), ‘ the question is, ought the plaintiff to recover ’ or as in Crary v. Goodman (id., 266), ‘ whether according to the whole law of the land applicable to the case the plaintiff makes out the right which he seeks to establish.’ It is only when he fails in doing this that he can be treated as one making a false clamor.” Id. 304-305. Colrick v. Swinburne, 105 N. Y., 503; 8 N. Y. State Rep., 172.
We here have a case where the pleader has stated his cause of action in a double aspect; upon each allegation of the complaint thus stated the defendant has joined issue. It may be assumed that the proof upon the trial shows that plaintiff is not entitled to judgment establishing his legal cause of action as there is no proof showing that defendants have dispossessed the plaintiff, or now wrongfully hold possession of any real property, the fee of which was shown to be in the_ plaintiff. But the proof does show that defendants, by their present acts, have and do destroy the beneficial use and enjoyment of a portion of such real property, and have and do interfere with valuable, appurtenant rights and incidents connected therewith, thus showing plaintiff entitled to equitable relief. It is doubtless the fact that the structure of plaintiff’s complaint can better be sustained as an action in ejectment than in its equitable aspect, but that does not thereby deprive plaintiff of the relief to which he shows himself entitled, or call for a dismissal of his complaint. Harrison v. The Brooklyn Bath and Coney Island R. R. Co., 100 N. Y., 621; Lattin v. McCarty, 41 id., 107.
The claim of counsel that plaintiff is limited in his rights to establishing, first, the commission of a trespass by defendants in swinging the bridge, and having obtained a judgment, would thereby become entitled to maintain an. *107 action restraining defendant by injunction from swinging the bridge cannot be upheld. The wrong existing, the court can in this action apply the remedy. Corning v. Troy Iron and Nail Factory, 40 N. Y., 191; Broiestedt v. South Side R. R. Co. of L. I., 55 id., 220.
The claim is also made by defendants that the right having been obtained from the common council to lay its tracks in Water street and across the Evans ship canal, that, therefore, they have invaded no right of the plaintiff, and that such grant is authority for their acts. It is not material now to inquire what the effect of the permission is so far as it is applicable to Water street. The grant, with respect to the crossing of the ship canal, is subject to a condition that said defendants shall construct, maintain and operate .a swing bridge across said canal, at such an elevation and of such construction as not to impair the navigation of said canal as then existing and not to infringe any vested right. It appears clearly that the defendants have not complied with such conditions, consequently the grant cannot be invoked as a defense to their action. So far as plaintiff’s rights in Water street are concerned, he has a perfect legal remedy, by action to recover damages, if they have been invaded. Reming v. D. L. and W. R'y, (1 N. Y. State Rep., 733), decided by the general term of this court, following the rule laid down in Story v. Elevated Railroad Co., (90 N. Y., 122, and kindred cases.
From the views herein expressed, it follows that plaintiff is entitled to judgment restraining the defendants from ■swinging the said bridge crossing the Evans ship canal, .across, over and above plaintiff’s premises, or any part thereof. Plaintiff is also entitled to judgment compelling and •directing the defendants to restore the said swing bridge to a condition where it will not impede navigation as the same existed previous to the construction of the present bridge.
An order may also be entered amending the complaint herein so as to conform to the proofs given upon the trial. •Costs of the action awarded to plaintiff.