(4 Misc. Rep. 266.)

GLOVINSKY v. CUNARD STEAMSHIP CO., Limited.

(City Court of New York, General Term. June 19, 1893.)

CARRIERS—LOSS OF BAGGAGE.

Baggage carried by a woman, not a pauper, coming from Germany to the United States, consisting of clothing for herself and her two children, together with some bed feathers and covering, of the value of $285, is reasonable in quantity and value, and therefore a provision in the transportation ticket, limiting the carrier's liability for loss of baggage to $50, is invalid, and will not defeat a recovery for loss of such baggage.

Appeal from trial term.

Action by Chaya Glovinsky against the Cunard Steamship Company, Limited. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN WYCK and FITZSIMONS, JJ.

Owen, Gray & Sturges, for appellant.

Mashbir & Cukor, for respondent.

FITZSIMONS, J. The plaintiff engaged with defendant, through its agent at Hamburg, to take passage from there to this place. She had certain baggage, which was lost on the way; hence this action. The jury rendered a verdict for $285. The baggage of defendant consisted of wearing apparel for herself and two children, and some bed feathers and covering. She had a right to bring with her suitable wearing apparel for herself and children of the kind, quality, and quantity befitting her station in life, having also in view the object of her journey. She, under the circumstances related herein, had a right to include as part of her baggage the bed clothing and feathers which she had with her, as well as necessary wearing apparel, providing it was reasonable in value and quantity. Surely no fair man would be justified in saying that wearing apparel and bedding for a woman and two children, of the value of $285, unless she was a pauper, is unreasonable for her to carry as baggage. Therefore the provision in defendant's transportation ticket, limiting its liability for loss of baggage to $50, is invalid, providing it conflicts with the rule just stated. The question whether it was a reasonable provision in this case or not was submitted to the jury. Their finding that it was unreasonable is certainly right in this instance. It was right for the trial justice to exclude the said transportation ticket, because what it contained was immaterial, and for the further reason that defendant failed to show due diligence to discover the original one. We find no error.

·Judgment is affirmed, with costs.