ant, is no authority for the position taken by him at the trial, and still maintained, that claimant might prove the full amount of the balance of his advances at the time of the assignment, and take his dividend thereon, and apply the proceeds of subsequent sales of property to the payment of balances remaining after applying the dividend so received. In that case there was a debt owing for which the property was pledged as collateral. Here there is no debt, primarily. A debt only comes into existence after the sale of the property, and the application of the proceeds, and then the debt is for the deficiency, and that alone can be proved. No debt or claim existed, at the time of the trial, for which this claimant could make proof, and upon which he could take a dividend from the estate. When the property consigned shall have been disposed of, he may prove for any balance of his demands remaining unpaid.'

The judgment ordered by the special term, as far as it dismissed the claim, was correct. The court had power, under the statute, to award costs and counsel fees; and there was a sufficient basis, in the affidavits and the certificate of the referee, for awarding such counsel fees. The trial, however, was not a lengthy one, and we think $250 was sufficient in amount for counsel fees.

The judgment should be modified accordingly, and, as modified, affirmed, with costs of appeal to the respondents. All concur.

---

## SIMPSON v. NEW YORK, N. H. & H. R. CO.

(Supreme Court, Trial Term, New York County. April 3, 1896.)

1. CARRIERS OF PASSENGERS—LIABILITY FOR MERCHANDISE AND BAGGAGE IN PASSENGER'S TRUNK.
   A railroad company is liable to a passenger for his personal baggage, but not for merchandise contained in his trunk, delivered to it by him, and accepted by it simply as passenger's baggage, and without notice to the company by the passenger that the trunk contained merchandise.

2. MEASURE OF DAMAGES—LOSS OF BAGGAGE.
   In an action against a railroad company for the loss of baggage, plaintiff is entitled to recover its value for use to him, and not the market value.

Action by David Simpson against the New York, New Haven & Hartford Railroad Company to recover for the loss of a trunk delivered by plaintiff to defendant to be transported as his personal baggage. Judgment for plaintiff.

Kantrowitz & Esberg, for plaintiff.

H. W. Taft, for defendant.

McADAM, J. The plaintiff, on November 22, 1892, became a passenger on defendant's cars for a business trip from New York to Hartford. The defendant took charge of his trunk, and, although often demanded, it has never been delivered to the plaintiff.

Whether the action be regarded as in tort or on contract (Catlin v. Adirondack Co., 11 Abb. N. C. 377), the defendant's liability for the loss has been legally established (Zinn v. Steamboat Co., 49 N. Y. 442; Canfield v. Railroad Co., 93 N. Y. 532; Curtis v. Railroad Co.,

74 N. Y. 116; Fairfax v. Railroad Co., 67 N. Y. 11, 73 N. Y. 167; Matteson v. Railroad Co., 76 N. Y. 381; Stewart v. Stone, 127 N. Y. 500, 28 N. E. 595). The extent of the liability will next be considered. The trunk contained personal baggage; also, merchandise valued at $1,249, consisting of silk mufflers and handkerchiefs, such as the plaintiff was then selling in his business as a dealer in such goods. If the trunk had been accepted as freight, the defendant would have collected charges commensurate with the care required and the risk assumed; but it was accepted without charge, simply as passenger's baggage, or as containing goods intended for personal use on that particular journey. In such case the carrier is not liable for merchandise intended for sale, or even for samples to effect sales. Hutch. Carr. § 685. The plaintiff undertook to avoid this feature of the defense; and bring himself within Stoneman v. Railroad Co., 52 N. Y. 429, Perley v. Railroad Co., 65 N. Y. 374, Sloman v. Railroad Co., 67 N. Y. 208, and Glovinsky v. Steamship Co., 4 Misc. Rep. 266, 24 N. Y. Supp. 136, by testifying that he told the baggageman that the trunk contained merchandise. The usual demand for compensation did not follow, nor was any suggestion made as to paying freight or extra charges; and the testimony as to notice is altogether too vague and unsatisfactory to warrant an affirmative finding thereon in plaintiff's favor. See Talcott v. Railroad Co. (Sup.) 21 N. Y. Supp. 318.

The plaintiff is, nevertheless, entitled to recover for the loss of his personal baggage, which had not been long in use, and cost $54.50. The legal measure of compensation as to the articles lost is what they were worth for use by the plaintiff, not the market value. Fairfax v. Railroad Co., 73 N. Y., at page 172. The original cost may be considered after allowing a reasonable sum for age and depreciation. Jones v. Morgan, 90 N. Y., at page 11; Bird v. Everard, 4 Misc. Rep., at page 106, 23 N. Y. Supp. 1008.

It was suggested, at the close of the trial, that the plaintiff, in his pleading, itemized his loss, placing a separate value on each article of about so much, making an aggregate of about $43, and that the recovery should not exceed that sum, especially as the defendant had made an offer of judgment founded upon the items and values so enumerated; the contention being that it would be prejudiced by a disregard of the plaintiff's allegations, which were relied upon as controlling against him. 1 Bigelow, Estop. (4th Ed.) 687; Fay v. Muhlker, 1 Misc. Rep., at page 323, 20 N. Y. Supp. 671. "About" means nearly, approximately, almost. Cent. Dict. The itemized sums fixed by the plaintiff in his verified complaint as the values at the time of the wrong are consistent with the original cost prices, with his estimate of deterioration by age and use deducted; and in this manner the plaintiff must, upon every just principle, be held to have concluded himself as to the actual loss sustained. The figures will harmonize in no other way. Interest may be added to give a full compensation (Mairs v. Association, 89 N. Y. 507; Reiss v. Steam Co. [Sup. Ct. N. Y.] 12 N. Y. Supp. 557), and this, with the value, makes $50.74, the damages recoverable, for which sum the plaintiff is entitled to judgment.