ANNIE FINKELSTEIN, Appellant, *v.* WILLIAM M. BARRETT, as President of THE ADAMS EXPRESS COMPANY, Respondent.

Third Department, May 2, 1917.

Pleading — Justice's Court — proceedings liberally construed — action against express company for loss of goods — allegations on contract and in tort — waiver of tort — election of remedies — surplusage.

If it is doubtful whether an action is brought in tort or on contract, every intendment is in favor of construing the complaint as setting forth a cause of action on contract on the theory that the tort has been waived.

Proceedings in a Justice's Court being informal, are to be liberally construed with a view to substantial justice.

If a defendant is in doubt as to the nature of the cause of action it should appear before the justice and take proper steps to protect its rights.

When the complaint is so uncertain that its exact meaning is not apparent, and it might be held to sound in tort or in contract, the court can compel an election by the plaintiff as to the theory upon which he will proceed.

When a plaintiff serves a verified complaint with the summons in a Justice's Court, and upon the return day appears in court and asks judgment under the provisions of the Code of Civil Procedure permitting judgment to be taken only in an action upon contract, he thereby makes his election.

Where such a complaint alleges that the defendant express company undertook to carry goods for and deliver them to the plaintiff, and that it failed to deliver them as agreed, and further alleges on information and belief that the goods were lost through the negligence of the defendant, the court was justified in determining that the action was upon contract.

The latter allegation as to the negligence of the defendant may be disregarded as surplusage.

APPEAL by the plaintiff, Annie Finkelstein, from a judgment of the County Court of Sullivan county in favor of the defendant, entered in the office of the clerk of said county on the 4th day of August, 1916, reversing a judgment of a Justice's Court in plaintiff's favor.

*Joseph I. Stahl,* for the appellant.

*Nellie Childs Smith,* for the respondent.

KELLOGG, P. J.:

In Justice's Court, in an action arising on contract, the plaintiff may serve with the summons a verified complaint,

and if the defendant fails to answer the complaint, he is deemed to have admitted its allegations and the court may enter judgment against him for the amount claimed. (Code Civ. Proc. §§ 2936, 2891.)

The defendant failed to appear upon the return day of the summons (served with a verified complaint), but attacks the judgment upon the ground that the cause of action was not upon contract and, therefore, the judgment was rendered without authority.

The complaint alleged, so far as we are interested in it, that the Adams Express Company was a joint stock association of more than seven members, doing business as a common carrier of goods for hire, and that the defendant was its president, and that on June 20, 1916, at Monticello, plaintiff delivered to the company, in good condition, a package, and it " undertook to carry for hire and deliver the said package to the plaintiff," at an address in New York city, and that the said company " has failed and refused to deliver said goods as agreed, and on information and belief, the said package of goods was lost through the negligence of the said company," and demanded damages.

If it is doubtful whether an action is brought in tort or on contract, every intendment is in favor of construing the complaint as setting forth a cause of action on contract, on the theory that the tort has been waived. (*Barber* v. *Ellingwood, No. 2,* 137 App. Div. 704, 713.)

Proceedings in Justice's Court are quite informal, and are to be liberally construed with a view to substantial justice.

Apparently the point urged is more technical than substantial. If the defendant was in doubt as to the nature of the cause of action it should have appeared before the justice and taken proper steps to protect its rights. By omitting to do so it stands here upon technical grounds only and unless its substantial rights are prejudiced it cannot succeed. (*Neftel* v. *Lightstone,* 77 N. Y. 96, 99; *Salisbury* v. *Howe,* 87 id. 128, 134.)

When a complaint is so uncertain that its exact meaning is not apparent and it might be held to sound in tort or in contract, the court can compel an election by the plaintiff as to the theory upon which he will proceed, but here there was

an election. When the plaintiff served a verified complaint with the summons and upon the return day appeared in court and asked judgment under a section of the Code which permits judgment to be taken only in an action upon contract, he made his election.

In *Catlin* v. *Adirondack Co.* (11 Abb. N. C. 377) the Court of Appeals sustains a complaint as one on contract which is similar to the one in this case.

" In an ordinary action against the carrier for loss of or injury to the goods, plaintiff has an election to sue in tort or on contract." (6 Cyc. 513.)

We quote from 5 Ruling Case Law (p. 63, § 702): " The liability of the carrier is the same, whether the action is brought upon contract or upon the duty, and the evidence requisite to sustain the action in either form is substantially the same; and, when there is an actual contract to carry, it is properly said that the liability in an action founded upon the public duty is coextensive with the liability on the contract. * * * In those jurisdictions where formal distinctions between actions are abolished, their character must be determined by the nature of the grievance, rather than the form of the declaration. Hence when the facts are distinctly stated, the action will be regarded as either in tort or contract; having regard, first, to the character of the remedy; and second, to the most complete and ample redress, which, upon the facts stated, the law can afford."

We conclude that the statement in the complaint that the package was lost through the negligence of the company might be disregarded as surplusage. The allegation that the defendant undertook to carry the goods for and deliver them to the plaintiff and that it had failed to deliver the goods as agreed, justified the court in determining that the action was upon contract.

The judgment should be reversed, with costs, and the judgment of the Justice's Court affirmed, with costs.

All concurred.

Judgment and order reversed, with costs, and judgment of the Justice's Court affirmed, with costs.