W. & S. Job & Company, Inc., Plaintiff, *v.* J. Curthew Sanders, Defendant.

Supreme Court, New York County, December, 1923.

**Bills and notes — action on promissory note — answer — right of defendant to waive tort and counterclaim on contract — breach of contract — partnership.**

Upon the trial of an action on a promissory note it was clearly established that a certain sum of money for which defendant interposed a counterclaim was forwarded by him to plaintiff for the specific purpose of redeeming certain bonds and that plaintiff did not apply the money for that purpose. *Held*, that to plaintiff's contention that the counterclaim should be dismissed as one not permitted by section 266 of the Civil Practice Act, in that the cause of action set forth therein was one in conversion, it was an answer that the counterclaim was for breach of contract; defendant had a right to waive the tort and counterclaim on contract.

Prior to the receipt of the money by cable, defendant's resident partner in New York city had raised sufficient money and therewith had taken up the bonds. Plaintiff without consulting defendant asked permission of defendant's resident partner to apply the money received by cable to the payment of an indebtedness existing between plaintiff and the defendant's copartnership. The evidence showed that the money forwarded was exclusively that of the defendant and not of the partnership. *Held*, that defendant was entitled to judgment on the counterclaim, with interest.

Action on a promissory note.

*Robert B. Honeyman*, for plaintiff.

*Finkler & McEntire*, for defendant.

Lydon, J.   The plaintiff sues on a note for $1,500 and the defendant interposes a counterclaim for the sum of $14,042, with interest from November 25, 1918.   The defendant admits the plaintiff's cause of action on the note.   The plaintiff contends that the counterclaim should be dismissed upon the ground that it is not one permitted under the provisions of section 266 of the Civil Practice Act, in that the cause of action set forth in the counterclaim is a tort, being an action in conversion.   The defendant answers the plaintiff by saying that the cause of action is one for breach of contract by reason of the fact that the said $14,042 was forwarded by the defendant to the plaintiff on November 25, 1918, from South Africa to New York city, at the request of the plaintiff, for the specific purpose of redeeming certain mortgage bonds on the schooner *Blue Peter*.   It is true that the defendant in his counterclaim uses the word " converted," but the defendant does not charge that the acts of the plaintiff were either wrongful or unlawful, and in the absence of unambiguous allegations setting forth a cause of action in tort the intention of the pleader must be construed as setting forth a cause of action on contract upon the theory that the tort has been waived.   *Barber* v. *Ellingwood*, 137 App. Div. 704; *Finkelstein* v. *Barrett*, 164 N. Y. Supp. 1021.   The defendant had a perfect right to waive the tort and counterclaim on contract.

The evidence upon the trial clearly established that the defendant had forwarded this money to the plaintiff for the specific purpose of redeeming certain bonds and the plaintiff did not apply the money for that purpose, for it appears that prior to the receipt of the money by cable the defendant's resident partner here in New York had raised sufficient money to take up the bonds that had become due, and did take up such bonds with the money so raised.   The plaintiff, in these circumstances, without consulting the defendant, assumed to confer with the defendant's partner here in New York and asked permission to apply the said money received by cable to the payment of an indebtedness which existed between the plaintiff and the defendant's copartnership.   The resident partner in New York consented, and the plaintiff applied the funds received by cable to the payment of said indebtedness.   Obviously, the resident partner in New York had no authority to dispose of the defendant's personal funds.   The evidence shows that this money so forwarded belonged exclusively to the defendant and not to the partnership.

For the foregoing reasons the defendant is entitled to a judgment on his counterclaim in the sum of $14,042, with interest at the rate of six per cent per annum from November 25, 1918, less the amount of the note sued upon of $1,500, with interest. Judgment is directed accordingly. Submit order on notice.

Judgment accordingly.