David Kusnetz, J.
The defendant moves to dismiss the first cause of action for legal insufficiency and to strike therefrom certain paragraphs, pursuant to rule 103 of the Buies of Civil Practice. He also moves to dismiss the second cause of action on the grounds of legal insufficiency; that there is another action pending between the same parties for the same cause; that this cause of action did not accrue within the time limited by law for the commencement of an action; that the alleged contract on which it is founded is unenforcible under the Statute of Frauds; and that there has been an improper joinder.
The plaintiff points to the fact that the complaint to which this omnibus motion is addressed was served on October 16, 1957 and that the motion made by the service of the papers by mail on November 15, 1957 is in part untimely since motions under rule 103 must be made within 20 days from the service of the pleading to which the motion is addressed (Rules Civ. Prac., rule 105) and motions on the grounds of the pendency of another action, the Statute of Limitations and the Statute of Frauds, must likewise be made within 20 days after the service of the complaint. (Rules Civ. Prac., rules 106, 107.)
The defendant, however, contends that he moved on October 18, 1957 to strike the complaint under section 237-a of the Civil Practice Act, upon the ground that jurisdiction of his person was lacking, which motion was returnable on October 29, 1957; and that since such motion was timely under the provisions of said section, an automatic stay of “all further *200 proceedings in the action until the expiration of ten days after service of a copy of the order deciding the motion and a written notice of entry thereof ”, resulted. It is true that the language quoted above is contained in subdivision 5 of section 237-a. However, in the study that accompanied the recommendation of the Judicial Council for the enactment of said section, it was stated that the purpose of the automatic stay provided in subdivision 5 was to obviate the necessity of obtaining a stipulation staying all further proceedings which was the method, prior to the enactment of section 237-a, for preventing the entry of a judgment by default. (Sixteenth Annual Report of N. Y. Judicial Council, 1950, pp. 199-200.)
Clearly then, such stay did not automatically extend the defendant’s time to make motions limited by the relevant Rules of Civil Practice to 20 days of the service of the complaint, to which such motions are addressed. Accordingly, without a stipulation extending his time to make such motions or opening his default for failure to make them within 20 days, the defendant’s motion, insofar as it was affected by such rules, was untimely when made on November 15, 1957, addressed to a complaint served on October 16,1957.
For the foregoing reason, the court is constrained to deny as untimely subdivisions (b), (d), (e) and (f) of the defendant’s motion and to confine its decision solely to the question of the legal sufficiency of each of the two causes of action set forth in the complaint, as to which there is no such time limitation, and subdivision (g) which seeks the dismissal of the second cause of action on the ground of “Improper Joinder”. Of course, the denial of the motion under rule 103 is not a conclusive adjudication as to the materiality of the paragraphs to which objection has been made and does not constitute a decision that evidence under them would be competent or have an effect upon the trial. (Riesenberger v. Sullivan [Appeal No. 2], 1 A D 2d 1050.) Even in the absence of a motion to strike out the foregoing allegations, they may be disregarded by the trial court if deemed unnecessary and immaterial. (Neftel v. Lightstone, 77 N. Y. 96, 99.)
Notwithstanding that the prayer with respect to the second cause of action seeks various other relief, the allegations thereof purport to set forth a cause of action solely for the specific performance of an agreement by an undisclosed partner in a liquor store to form a partnership and for an accounting. Such an action does not lie. (Orr v. Pfohl, 84 N. Y. S. 2d 23 and the authorities there cited.) The sole remedy seems to be an action at law to recover damages for breach of contract only. (Manny *201 v. Burke, 174 App. Div. 654, 656.) The motion to dismiss the second cause of action is therefore granted, but without leave to plead over in view of the fact that the plaintiff has already brought such an action at law, which is now pending in the Supreme Court, New York County, Index No. 5965-1956.
The foregoing disposition makes it unnecessary to decide subdivision (g) of the notice of motion.
Settle order.