Louis B. Heller, J.
Defendant moves to strike certain paragraphs from plaintiff’s complaint, pursuant to rule 103 of the Rules of Civil Practice contending, inter alia that they are irrelevant, immaterial and impertinent. The court finds such contention is without merit.
Plaintiff in this action seeks to recover from the defendant the sum of $25,000 resulting from the latter’s breach of an alleged agreement; the sum representing payment for his legal, tax and accounting services rendered to defendant.
Motions under the pertinent rule which are addressed to the discretion of the court, are not favored (Carmody, New York Practice [7th ed.], p. 319) and will be denied unless the objectionable allegations have no possible bearing upon the subject matter of the litigation, involve prejudice or are irrelevant to the case pleaded (Reichbach v. Reichbach, 3 A D 2d 725). Nor is the refusal to strike out the allegations as here sought an adjudication as to their materiality and does not constitute a decision that evidence under it would be competent or have an effect upon the trial (Riesenberger v. Sullivan, 1 A D 2d 1050).
Examination of paragraphs “ 6 “ 8 ” and “ 9 ” of the complaint shows them to be an integral part of the cause of action, which cannot be said to be prejudicial. Assuming arguendo, if this motion were not made, unnecessary and immaterial matter may properly be disregarded by the trial justice (Neftel v. Lightstone 77 N. Y. 96).
The motion is accordingly denied. In any event this motion would be denied, since it was not made within the time prescribed by rule 105 of the Rules of Civil Practice (Central Nat. Bank v. Board of Educ., 3 A D 2d 258). Defendant may serve her answer within 10 days after service of a copy of this order with notice of entry.